IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| RAQUEL I. VILLARREAL, | § | |
|     Plaintiff | § | |
| | § | |
| VS | § | C.A. NO. 7:19-CV-00053 |
| | § | |
| TROPICAL TEXAS BEHAVIORAL HEALTH, | § | |
|     Defendant | § | |

**DEFENDANT'S ORIGINAL ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

===================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT TROPICAL TEXAS BEHAVIORAL HEALTH (hereafter "DEFENDANT") and files this Original Answer to Plaintiff's Second Amended Complaint (hereafter "Complaint").

**ANSWER-SPECIFIC DENIALS**

1. With respect to Section I of the Complaint, titled "Parties", ¶¶1-2, DEFENDANT admits that it has accepted service or waived service and made an appearance. As to Plaintiff's residence, DEFENDANT believes this to be true, therefore admitted.

2. With respect to Section II of the Complaint, titled "Venue and Jurisdiction", ¶3, DEFENDANT admits that federal question jurisdiction exists, and that venue is proper in the McAllen Division of the U.S. District Court for the Southern District of Texas. As to all other pled allegations in this Section, DEFENDANT denies that Plaintiff is entitled to any relief or damages as requested.

3. With respect to Section III of the Complaint, titled "Administrative Procedures", ¶¶4-5, DEFENDANT does not have sufficient information to admit or deny the factual allegations contained therein, therefore denied.

4. With respect to Section IV of the Complaint, titled "Factual Background", ¶6, DEFENDANT admits only that Plaintiff was employed with it, but denies the other material factual allegations contained therein.

5.  With respect to Section IV of the Complaint, titled "Factual Background", ¶¶7-8, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the factual allegations regarding Plaintiff's daughter's alleged medical condition, therefore denied. As to Plaintiff's factual allegations regarding limitations from her alleged disability, denied. DEFENDANT denies that Plaintiff was able to perform her job duties when absent and denies that Plaintiff exceptionally performed her job duties.

6.  With respect to Section IV of the Complaint, titled "Factual Background", ¶9, as to the first sentence, DEFENDANT admits only that Plaintiff missed a lot of work, but denies the other material factual allegations contained therein. As to the second sentence, DEFENDANT denies the sentence as worded. DEFENDANT admits that employees taking leave without PTO can form the basis for disciplinary action or termination.

7.  With respect to Section IV of the Complaint, titled "Factual Background", ¶10, DEFENDANT admits only that Plaintiff was approved for and took FMLA leave in July 2017. As to the remaining factual allegations, denied.

8.  With respect to Section IV of the Complaint, titled "Factual Background", ¶11, DEFENDANT admits only that Plaintiff was approved for and took FMLA leave starting in January 2018. As to the remaining factual allegations in this paragraph, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the remaining factual allegations, therefore denied.

9.  With respect to Section IV of the Complaint, titled "Factual Background", ¶12, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the Factual allegations, therefore denied.

10. With respect to Section IV of the Complaint, titled "Factual Background", ¶13, DEFENDANT admits that Plaintiff was approved for and took FMLA leave starting in June 2018 and ultimately exhausted her legally allowable FMLA leave and was so advised. To the extent Plaintiff urges in this paragraph that DEFENDANT was aware Plaintiff had a "disability", or that she in fact had a "disability", this is denied. As to the assertion that DEFENDANT miscalculated her FMLA leave, denied. As to any remaining factual allegations, DEENDANT does not have sufficient knowledge or information to form a belief about their truth, therefore denied.

11. With respect to Section IV of the Complaint, titled "Factual Background", ¶14, DEFENDANT admits only that Plaintiff spoke to Alejandro Pacheco about reducing work hours and a flex schedule and that Plaintiff was notified that her request for reduced work hours and flex schedule was denied. As to all other factual details and characterizations in this paragraph, DEFENDANT denies.

12. With respect to Section IV of the Complaint, titled "Factual Background", ¶15, DEFENDANT denies all factual allegations and characterizations in this paragraph, including but not limited to Plaintiff's assertion that she requested a reasonable disability accommodation.

13. With respect to Section IV of the Complaint, titled "Factual Background", ¶16, DEFENDANT denies all factual allegations and characterizations in this paragraph that she requested a reasonable disability accommodation. DEFENDANT admits that her requests for extended leave; more absences and/or a reduced schedule were denied.

14. With respect to Section IV of the Complaint, titled "Factual Background", ¶17, DEFENDANT admits only that Plaintiff was directed to speak with HR Director Arredondo. All other factual allegations and legal characterizations contained therein are denied.

15. With respect to Section IV of the Complaint, titled "Factual Background", ¶18, Defendant admits that an appointment was set up between Plaintiff and HR Director Arredondo.

16. With respect to Section IV of the Complaint, titled "Factual Background", ¶19, DEFENDANT admits only that HR Director Arredondo met with Plaintiff and that HR Director Arredondo expressed concern over Plaintiff's extended and frequent absences from work and that her absences were affecting the Department's needs. All other factual allegations and legal characterizations contained therein are denied.

17. With respect to Section IV of the Complaint, titled "Factual Background", ¶20, DEFENDANT admits generally only that Ms. Arredondo indicated Plaintiff was a good clinician; Arredondo commented on the Plaintiff's absences; and Arredondo offered Plaintiff another position that met her flexible schedule request in every way. All other factual allegations and legal characterizations contained therein are denied.

18. With respect to Section IV of the Complaint, titled "Factual Background", ¶21, DEFENDANT admits only that a meeting took place with Plaintiff, HR Director Arredondo and

at least one of Plaintiff's supervisors to discuss her employment; the fact that all of her FMLA leave had been used; and the fact that Plaintiff was offered another job position that would provide her with much greater scheduling flexibility and meet her flexible hours request. DEFENDANT admits Plaintiff turned this position down. All other factual allegations and legal characterizations contained therein are denied including Plaintiff's characterization of this other job as a demotion or punishment.

19. With respect to Section IV of the Complaint, titled "Factual Background", ¶22, DEFENDANT admits only that a meeting took place with Plaintiff and HR Director Arredondo to discuss her employment and another job position for Plaintiff that would provide her with much greater scheduling flexibility and meet her flexible hours request; that Plaintiff turned this position down; and that after this meeting Plaintiff took more unapproved and unprotected absences from work. All other factual allegations and legal characterizations contained therein are denied, including Plaintiff's characterization of this other job as a demotion or punishment and an unreasonable offer.

20. With respect to Section IV of the Complaint, titled "Factual Background", ¶23, DEFENDANT admits plaintiff's employment was separated on that date but denies all factual allegations and legal characterizations contained therein.

21. With respect to Section V of the Complaint, titled "COUNT ONE: DISABILITY DISCRIMINATION UNDER THE ADA/ADAAA", ¶24, DEFENDANT refers to and incorporates the admissions and denials above.

22. With respect to Section V of the Complaint, titled "COUNT ONE: DISABILITY DISCRIMINATION UNDER THE ADA/ADAAA", ¶¶25-28 DEFENDANT denies the factual allegations and legal characterizations contained therein.

23. With respect to Section VI of the Complaint, titled "COUNT TWO: FMLA INTERFERENCE", ¶29, DEFENDANT refers to and incorporates the admissions and denials above.

24. With respect to Section VI of the Complaint, titled "COUNT TWO: FMLA INTERFERENCE", ¶¶30-40, DEFENDANT denies the factual allegations and legal characterizations contained therein.

25. With respect to Section VI of the Complaint, titled "COUNT TWO: FMLA INTERFERENCE", ¶¶41, DEFENDANT admits that Plaintiff returned to work in July 2018 after exhausting all of her FMLA leave; admits that she was abusing her leave; and admits that ultimately separation of employment for Plaintiff was discussed by HR and management. DEFENDANT denies all other factual allegations and legal characterizations contained therein.

26. With respect to Section VI of the Complaint, titled "COUNT TWO: FMLA INTERFERENCE", ¶¶42, DEFENDANT admits that her requests for more leave and a reduction in work hours were denied; admits that Tropical had been generous with Plaintiff and her absences and that she was so advised; admits that Plaintiff was offered her flexible schedule with the accompanying request she would not miss more work for awhile and she refused to agree to this. DEFENDANT denies all other factual allegations and legal characterizations contained therein.

27. With respect to Section VI of the Complaint, titled "COUNT TWO: FMLA INTERFERENCE", ¶¶43, DEFENDANT admits that Plaintiff was offered another position that fully accommodated her flexible schedule request and that she was ultimately terminated. DEFENDANT denies all other factual allegations and legal characterizations contained therein.

28. With respect to Section VI of the Complaint, titled "COUNT TWO: FMLA INTERFERENCE", ¶¶44-45, DEFENDANT denies the factual allegations and legal characterizations contained therein.

29. With respect to Section VII of the Complaint, titled "COUNT THREE: FMLA RETALIATION", ¶46, DEFENDANT refers to and incorporates the admissions and denials above.

30. With respect to Section VII of the Complaint, titled "COUNT THREE: FMLA RETALIATION", ¶¶47-59 DEFENDANT denies the factual allegations and legal characterizations contained therein.

31. With respect to Section VIII of the Complaint, titled "Actual Damages", ¶¶60-62, DEFENDANT denies the factual allegations and legal characterizations contained therein and denies that Plaintiff is entitled to any of the relief requested.

32. With respect to Section IX of the Complaint, titled "Exemplary Damages", ¶63, DEFENDANT denies the factual allegations and legal characterizations contained therein and denies that Plaintiff is entitled to any of the relief requested.

33. With respect to Section X of the Complaint, titled "Attorney's Fees", ¶64, DEFENDANT denies the factual allegations and legal characterizations contained therein and denies that Plaintiff is entitled to any of the relief requested.

34. With respect to Section XI of the Complaint, titled "Demand for Trial by Jury", ¶65, no Rule 8 response is necessary with regard to the jury trial request. As to any material factual and legal allegations contained therein, DEFENDANT denies that Plaintiff is entitled to any damages or relief as pled.

## GENERAL DENIAL

35. DEFENDANT hereby generally denies all material allegations contained in Plaintiff's Complaint not specifically admitted to herein. Any material factual allegations not specifically admitted in the foregoing paragraphs are hereby denied and DEFENDANT demands proper proof as required by law and the rules of court.

## AFFIRMATIVE DEFENSES

**Government Immunity**

36. DEFENDANT hereby asserts the affirmative defense of government immunity from all state or common law causes of action asserted by Plaintiff, including any claims for punitive or exemplary damages. This defense of government immunity encompasses the DEFENDANT'S immunity from suit, as well as immunity from liability. Further, with regard to those causes of action over which DEFENDANT has immunity from suit, the Court is without subject matter jurisdiction.

**Good Faith**

37. DEFENDANT asserts that its acts in regards to Plaintiff's employment were made in good faith and it had reasonable grounds for believing it was acting in accordance with the FMLA.

**Undue Burden/Hardship and Business Necessity**

38. DEFENDANT asserts both undue burden/hardship and business necessity with regards to Plaintiff's employment and all actions taken in regards to Plaintiff's employment and with regards to Plaintiff's alleged employment "accommodation" requests.

**Not Qualified Individual**

39. Alternatively, DEFENDANT asserts that Plaintiff was not a qualified individual with a disability for purposes of the ADA/ADAAA.

**Statutory Caps**

40. DEFENDANT also hereby asserts as a defense the statutory caps on damages to which it is entitled under Texas and/or Federal law.

**Notice Requirements**

41. DEFENDANT also hereby pleads as a defense Plaintiff's failure, if any, to timely satisfy any and all applicable notice or other filing requirements imposed by law as a precondition to the Court's exercise of jurisdiction over this matter and the imposition of any liability.

**Discretionary Acts**

42. DEFENDANT also hereby asserts its entitlement to immunity with respect to any and all actions that fall within the discretionary authority of the DEFENDANT in connection with this controversy.

**Statutory & Administrative Limitations**

43. DEFENDANT also hereby asserts as an affirmative defense any and all limitations periods applicable to any and all statutory or common law causes of action asserted by Plaintiff, including any administrative limitations periods applicable to Plaintiff's claims imposed by law and which serve as a condition precedent to this lawsuit.

**Non-Discriminatory Justification**

41. DEFENDANT asserts that with regard to all adverse personnel actions complained of by Plaintiff, they either did not occur as alleged or were based on non-discriminatory legitimate job-related considerations/reasons.

**No Contract of Employment**

44. DEFENDANT also hereby specifically denies that Plaintiff had any contract of employment or was otherwise entitled to a specific expectation of future employment under law.

**Failure to Mitigate**

45. DEFENDANT also asserts the affirmative defense of failure to mitigate, to the extent Plaintiff failed to properly mitigate damages she is claiming to have suffered.

**CONCLUSION & PRAYER**

THEREFORE, based on any one or more of the foregoing reasons, DEFENDANT TROPICAL TEXAS BEHAVIORAL HEALTH hereby requests and prays that at the appropriate juncture in this litigation, the Court deny all relief requested by Plaintiff in her Complaint, or any future live pleading filed in this cause.

DEFENDANT also requests and prays for any further and additional relief to which it may be entitled, at law or in equity.

SIGNED on the 18th day of May, 2020.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
Of Counsel
State Bar No. 24007128
So. Dist Id No. 23712
rldrinkard@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 18th day of May, 2020.

Cindy A. Garcia                                                                 **Via E-Filing Method**
**Law Offices of Cindy A. Garcia, PC**
1113 Nightingale Ave.
McAllen, Texas 78504
Email: thegarcialawfirm@gmail.com
**COUNSEL FOR PLAINTIFF**

*Robert L. Drinkard*
RICARDO J. NAVARRO
ROBERT L. DRINKARD