IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| RAQUEL I. VILLARREAL,<br>    Plaintiff | § § § | |
| VS | § § | C.A. NO. 7:19-CV-00053 |
| TROPICAL TEXAS BEHAVIORAL HEALTH,<br>    Defendant | § § § § | |

## DEFENDANT TROPICAL TEXAS BEHAVIORAL HEALTH'S SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT TROPICAL TEXAS BEHAVIORAL HEALTH (hereafter "Tropical" "Center" or "Defendant") and files this Supplement to its Motion for Summary Judgment briefing and would show the Court as follows:

### I. PLAINTIFF'S AMENDED PLEADING

1. Defendant filed its Motion for Summary Judgment on January 14, 2020. *Dkt. 24*. Defendant filed a Reply to Plaintiff's MSJ Response on February 25, 2020. *Dkt. 29*. Subsequent to this, on April 14, 2020, the Court entered an Order granting the Defendant's Rule 12 Motion as to Plaintiff's disability by association claim and agreeing that Plaintiff had not properly pled an FMLA interference claim, but giving Plaintiff an opportunity to re-plead to properly plead such a claim. *Dkt. 30*.

2. In response to the Court's Order allowing for a repleading to allege an FMLA interference claim, Plaintiff filed a Second Amended Complaint, attempting to sufficiently plead a claim for FMLA interference. *Dkt. 32*. In a Minute Entry, the Court noted that Plaintiff stated a claim of FMLA interference upon which relief may be granted in her Second Amended Complaint. *Dkt. 33*. The Court then granted Defendant leave to file supplemental briefing in support of its pending Motion for Summary Judgment. *Id.*

## II. SUPPLEMENTAL BRIEFING/ARGUMENT

3. The Defendant would note that it anticipated this would be Plaintiff's attempt at re-pleading because Plaintiff briefly addressed this issue in her MSJ Response; and thus it has already been addressed with Defendant's MSJ and MSJ Reply to Response. However, Defendant takes this opportunity to re-assert and emphasize its briefing on this issue and point out both Plaintiff's lack of pleading of facts in support of such a claim; but total lack of evidence on this claim that could possibly create a material issue of fact.

4. Plaintiff's pled assertion is that Tropical "may have miscalculated her FMLA hours" in requiring her to return from attempted/requested FMLA leave in July 2018. *Dkt. 32, ¶¶13 and 41*. Defendant does not believe that this assertion sufficiently pleads a cause of action for FMLA interference. First, Plaintiff does not even allege that Tropical Texas did in fact miscalculate her hours, only that it "may have" done so.[1] Secondly, Plaintiff provides absolutely no factual detail or support for this "may have" assertion. Plaintiff fails to plead how Tropical calculated her FMLA hours; what she believes her FMLA hours actually were at this time; or how her hours were in fact miscalculated. *Dkt. 32*.

5. Defendant previously addressed this issue in its Summary Judgment motion, because Plaintiff paid lip service to it, but the summary judgment record is just as devoid of facts and evidence in support of such an assertion that her FMLA hours were miscalculated as the Plaintiff's pleading is devoid of factual detail. Even in response to a factual Motion for Summary Judgment, Plaintiff did not bring forth any evidence as to how and why she believes Tropical miscalculated her FMLA hours; and what she believes her FMLA hours actually were in July 2018 when she was advised she had exhausted said leave. *Dkt. 28*.

6. In her MSJ Response, Plaintiff argues as "fact" that her FMLA leave "*may have* been" miscalculated and that she "*may* not have" exhausted her FMLA leave. *Dkt. 28, p. 4*. Emphasis Added. The "documentation" in support of this conclusory assertion is Plaintiff's own self-serving affidavit; there is absolutely no evidence to support this assertion other than Plaintiff's own lack of understanding of FMLA calculations and calculation methods. Further, this hedging conclusory assertion in her affidavit directly contradicts her previous testimony.

---

[1] Defendant believes Plaintiff pleads this in this fashion because Plaintiff did not and does not know how FMLA is actually calculated and cannot show that her hours were miscalculated. As explained below, this specific allegation is addressed in the Defendant's MSJ and it is factually indisputable that Plaintiff exhausted her FMLA hours in the rolling calendar year.

7.  As to the FMLA interference claim and the MSJ record, Defendant would reiterate that Plaintiff has already testified that Tropical never denied her use of FMLA; she acknowledged she used and exhausted her entire 12 weeks of FMLA leave; and she testified that she's not saying or alleging that Tropical ever incorrectly calculated her FMLA leave. *Dkt. 24, Ex. 1, p. 181:2-181:24, p. 131:8-23; p. 132:3-134:4; p. 184:8-p. 188:11 with depo Ex. 30-31*. Her subsequent affidavit alleging that her FMLA "may have" been miscalculated is a sham affidavit designed solely to try to manufacture a genuine issue of material fact by impeaching her prior testimony without explanation. As noted already in Defendant's MSJ, it should be stricken.

8.  Regardless, the Defendant's MSJ evidence establishes conclusively that Tropical's calculation of her FMLA based on a rolling calendar year was not miscalculated in the least; and Plaintiff failed to provide any competent summary judgment evidence that it was. *Dkt. 24; 28*. Instead, she provided her own self-serving affidavit which simply restates the vague and unsupported assertion that her FMLA leave "may have" been miscalculated. *Dkt. 28*. The only thing her affidavit testimony does is to make clear that she was (and is still) unable to calculate her own FMLA leave; unable to figure out how Tropical was calculating her FMLA leave; and has no understanding how FMLA calculations work in general. *Dkt. 28: p. 24, Ex. E, p. 10-12*.

9.  Defendant attached evidence showing fully how Plaintiff's FMLA leave was calculated and how and when she used it all up by July 2018. *Dkt. 24: Ex. 6; Ex. 7; Ex. 10-13; Ex. 17; Ex. 1, p. 96:4- p. 105:7; p. 109:7-p. 112:25; p. 113:18-23; p. 146:4- p. 148:6; p. 148:20-p. 149:8, p. 159:10-p. 160:8; p. 168:23-p. 169:15 with depo Exs. 12-15 and 17-18; 22-25*.

10. Defendant's FMLA hours calculation numbers are undisputed and irrefutable. Plaintiff, in her amended pleading and in her MSJ Response, does not even try to dispute them; does not dispute that she actually used all of these FMLA hours; and does not even claim by how many FMLA hours she was allegedly "shorted". As Plaintiff testified, she had no idea how FMLA leave is to be calculated. *Dkt. 24: Ex. 1, p. 148:20-p. 153;14; p. 158:2-15 with depo Ex. 24*. This is apparent with her vague "may have been miscalculated" assertions. Instead, Plaintiff both with her Amended Complaint, and in response to the previously filed MSJ, continues to just conclusory, and with zero factual detail and specificity, much less with actual evidence, assert that she may have had some FMLA leave still banked, based on some vague and unspecified method of FMLA calculation. Defendant has absolutely no idea how much FMLA leave time Plaintiff believes she

had in July 2018 when she returned from work, much less how Plaintiff is calculating her FMLA hours in support of this unspecified number.

11. By hedging with her claim that Tropical *may or may not have* miscalculated her hours, and then failing to provide absolutely any factual pleading at all in support of an alleged miscalculation, and any evidence in support of such an alleged miscalculation, Plaintiff has both failed to properly plead a cause of action for FMLA interference[2]; and failed to raise a genuine issue of material fact on this claim in response to the Defendant's MSJ.

12. The competent summary judgment evidence defeats Plaintiff's FMLA interference claim that Defendant Tropical "may have" miscalculated her FMLA hours in July 2018 when she was required to return to work from FMLA leave.

### III. CONCLUSION AND PRAYER

13. WHEREFORE, PREMISES CONSIDERED, Defendant continues to request that the Court grant its Motion for Summary Judgment and dismiss Plaintiff's claims pursuant to FRCP 56. Defendant further requests such other and further relief to which it may show itself to be justly entitled, at law and in equity.

SIGNED this 27th day of May 2020.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

---

[2] *Thompson v. Houma Terrebonne Hous.*, No. CV 18-9394, 2019 WL 2524591, at *4 (E.D. La. June 19, 2019), *reconsideration denied*, No. CV 18-9394, 2019 WL 4257257 (E.D. La. Sept. 9, 2019*), and appeal dismissed sub nom.* (Offering facts that suggest a mere possibility that a Defendant may have acted unlawfully, but with such a sparse factual predicate alleged that a Court is unable to draw the reasonable inference that the Defendant acted unlawfully does not survive a Rule 12 challenge.)

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
Of Counsel
State Bar No. 24007128
So. Dist Id No. 23712
rldrinkard@rampagelaw.com
**DENTON NAVARRO ROCHA**
**BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

**COUNSEL FOR DEFENDANT**
**TROPICAL TEXAS BEHAVIORAL HEALTH**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 27th day of May, 2020.

| | |
|---|---|
| Cindy A. Garcia<br>**Law Offices of Cindy A. Garcia, PC**<br>1113 Nightingale Ave.<br>McAllen, Texas 78504<br>Email: thegarcialawfirm@gmail.com<br>**COUNSEL FOR PLAINTIFF** | **Via E-Filing Method** |

*Robert L. Drinkard*
RICARDO J. NAVARRO
ROBERT L. DRINKARD